IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 28, 2018

## STATE OF TENNESSEE v. TERRELL L. LAWRENCE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-272     Angelita Blackshear Dalton, Judge**

_____

### No. M2018-00576-CCA-R3-CD

_____

Defendant, Terrell L. Lawrence, appeals the trial court's summary dismissal of his pro se motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Having reviewed the record and the briefs of the parties, we conclude that Defendant has failed to state a cognizable claim for relief, and therefore, the trial court did not err in summarily dismissing Defendant's motion. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Terrell L. Lawrence, Only, Tennessee, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant pled guilty to aggravated assault, second degree murder, and carjacking. He received an agreed sentence of four years for aggravated assault, twenty-five years for second degree murder, and ten years for carjacking. The assault and carjacking sentences were ordered to be served concurrently to each other, but consecutively to the second degree murder sentence, for an effective sentence of thirty-five years. Defendant filed a petition for post-conviction relief alleging that he was denied the effective assistance of counsel during the guilty plea process. The post-conviction court denied the petition, and this court affirmed the denial. *Terrell Lawrence*

*v. State*, No. M2002-01851-CCA-R3-PC, 2003 WL 21877668, at *1 (Tenn. Crim. App. Aug. 7, 2003).

On November 14, 2017, more than sixteen years after his guilty plea, Defendant filed a "Rule 36.01 Motion to Correct an Illegal Sentence." The trial court summarily dismissed the motion. In a written order, the trial court concluded:

> The Petitioner contends that the sentencing court erred in approving his sentence because [ ] T.C.A. § 40-20-111(a) provides that
>
> > When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first conviction; provided that the terms of imprisonment to which the convicted person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. The exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal.
>
> This Court finds that the sentence and jail credit were properly imposed pursuant to T.C.A. § 40-20-111(a), and that the sentence is not illegal.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A "colorable claim" is not defined in Rule 36.1; however, our supreme court has held "that the definition of 'colorable claim' in Rule 28, Section 2(H) of the Rules of the Tennessee Supreme Court

applies to the term as used in Rule 36.1. Rule 28, section 2(H) provides: "A colorable claim is a claim . . . that if taken as true, in the light most favorable to [the defendant], would entitle [the defendant] to relief[.]" "A trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated to determine whether a Rule 36.1 motion sufficiently states a colorable claim." *Wooden*, 478 S.W.3d at 594. "Whether [a] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589.

On appeal, Defendant presents the following claims: 1) that the "[t]rial [c]ourt was in error when it ordered the appellant to serve count two consecutive to count three;" 2) that the "[t]rial [c]ourt was in error when it allowed the appellant to except [sic] a plea to serve concurrent and consecutive sentences;" and 3) that the trial court improperly granted pretrial jail credit as part of the plea agreement for count two. Taking all of Defendant's assertions as true and viewing them in the light most favorable to him, we have determined that Defendant has not presented a colorable claim for relief from an illegal sentence.

First, Defendant complains that the trial court erred by ordering count two to be served consecutively to count three because "when judgment was pronounced and/or accepted on conviction <u>two</u> there was no conviction <u>three</u>." (*emphasis in original*). He also asserts that he is required to "serve count [three] before he served count [two]." Defendant's argument as to this claim does not challenge the effective sentence imposed by the trial court but rather the process by which the trial court announced the sentences. *State v. Carvin L. Thomas*, No. M2016-01813-CCA-R3-CD, 2017 WL 1830104, at *2 (Tenn. Crim. App. May 5, 2017). Rule 36.1 "is directed at the sentence finally imposed, not the methodology by which it is imposed." *State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. at Knoxville, June 17, 2014). Therefore, this claim is not cognizable under Rule 36.1, and Defendant is not entitled to relief.

Next, Defendant argues that the trial court erred by allowing him to accept a guilty plea with a mixture of consecutive and concurrent sentences. T.C.A § 40-20-111(a) states:

> When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first conviction; provided, that the terms of imprisonment to which the convicted person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. The exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal.

According to the plain language of the statute, it is within the trial court's discretion to impose partial consecutive sentences. *See id.; State v. Ronald Lynn Cook*, No. E2013-

- 3 -

01441-CCA-R3-CD, 2014 WL 644700, at *2 (Tenn. Crim. App. Feb. 19, 2014) (concluding that the trial court did not abuse its discretion in imposing partial consecutive sentences); *State v. Branham*, 501 S.W.3d 577, 596-97 (Tenn. Crim. App. 2016) (same).

In this case, the trial court within its discretion ordered Defendant's four-year sentence for aggravated assault in count two and his ten-year sentence for carjacking in count six to run concurrently with each other and consecutively to the twenty-five year sentence imposed for second degree murder in count three. This claim does not render Defendant's sentence illegal and is insufficient to establish a colorable claim for relief under Rule 36.1.

Finally, Defendant argues that trial court erred by awarding him pretrial jail credit as part of his plea agreement in count two. However, this is not a colorable claim for relief. In *State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015) the Supreme Court held:

> While we certainly agree with the Court of Criminal Appeals that a statute requires trial courts to award pretrial jail credits, we conclude that the intermediate appellate court erred by holding that a trial court's erroneous failure to comply with this statute renders *the sentence* illegal. Although pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the sentence in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal, as the defendant in *Stubbs* chose to do. But a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1. *See Wooden*, 478 S.W.3d at 595-96 (defining colorable claim as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1").

Defendant is not entitled to relief on this claim.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE